By the Court:

Jones, J.
I think all the grounds on which the defendants moved for a dismissal of the complaint at the close of the plaintiffs’ testimony were decided adversely to it by the Court of Appeals when this case was before.it on an appeal from a judgment rendered dismissing the complaint.
The same evidence that is now before the court was then before the Court of Appeals, and that court, in reversing the judgment of dismissal, necessarily held that on that evidence the plaintiff was entitled to recover.
The terms of the policy and the facts that the vessel was out of time, that the defendants had refused to enter the risk in the pass-book or to fix a premium, as well as evidence as to the time when the plaintiffs reported the risk, were all before the Court of Appeals, and that court commented on them and held that they had not the effect of relieving defendants from liability on the policy for the loss of the shipment in question; and held that, notwithstanding all these matters, the defendants were forced to accept the risk.
That decision is controlling on us. It seems to be the result of that decision, that if the company desired to protect themselves from an obligation to take a risk that is out of time, they must insert in the policy a special clause of exemption.
*286 The evidence introduced on the part of the defendants at the last trial does not alter the aspect of the case, except so far as the question arising out of-the insurance in the Mercantile Insurance Company is concerned.
As that insurance was cancelled prior to the issue of the one by the defendants, the defendants cannot claim from its having at one time existed.
The only questions left arise out of the rejection of evidence.
The questions, objections to which were sustained, were designed (except as hereinafter mentioned) to establish:
First.—A parol agreement made at the time of making the contract of insurance represented by the policy.
As it was not proposed to prove a state of facts which authorize a court of equity to reform the policy, mere proof of a parol contract made before or at the time the policy was issued ' was properly excluded.
Second.—To establish that neither the defendants nor any prudent underwriter would have taken this risk if, when the policy was applied for, it was known that the vessel had sailed on December 21 and had not since been heard from.
The question being not what the defendants or a prudent underwriter would do under such circumstances, but simply what contract the defendants did, in fact, enter into, without any fraud or imposition practised by the plaintiffs, the evidence was properly excluded.
Third.—To show what, under the circumstanees, would be a fair and proper rate, or the Usual and market rate, of premium to charge on this vessel on the 6th of February.
The premiums the plaintiffs agreed to pay were those that should conform to the rates of the company; consequently it was inadmissible to prove any other rate of premium.
There are two other .questions and an offer, objections to which were sustained, to be noticed.
The first is:
State what has become of that paper ?
It appeared that the witness had no recollection of the paper, and it did not appear that he had searched for it. It is necessary *287 that a witness should have some knowledge or recollection of the fact that a paper did once exist, and have some connection with its custody, before he is in a position to testify to what has become of it.
The second is:
Was there any rate in use by your company applicable to a vessel reported forty-seven days out from Port an Prince and not heard from ?
This would have been proper if the defendants had pleaded that there was such a rate, and asked to counterclaim a premium fixed by it. As there is no such pleading, it was properly excluded.
It may be suggested that the object of this question was to prove that there was no such rate, and so to let in proof as to what would be a fair and reasonable rate, for otherwise the company would be liable on a risk without receiving any adequate premium therefor.
The answer is, that if they have neglected to provide for these exceptional cases in their contract, they must take the consequences of their neglect, if it deprives them of an adequate compensation.
If there are no rates to meet a case like this, then the company are entitled to the rate of two per cent., as fixed by the policy.
The offer was to prove what the printed form of application was.
I understand this to be an offer to prove what the ordinary printed blank in use by the company was. I so understand because the witness who was under examination at the time the offer was made had testified to all that he recollected about the contents of the application sent in for the policy in question, and no other witness is suggested as having any knowledge or recollection of the contents of that particular application. The evidence offered was, in this view of the offer, inadmissible.
I perceive by the defendants’ points that they claim that the court below erred in allowing the plaintiffs to turn the French weight, in which the bill of lading and invoice is made, into American weight.
*288 I discover no objection or exception taken in the court below which raises this point. This might be sufficient to prevent any review of the verdict on this ground. It perhaps, however, is as well to say that the word pound used in this sentence in the policy—“ St. Domingo coffee at 11c. per lb ” is to be construed as meaning American pounds.
Exceptions overruled and judgment ordered for plaintiffs on the verdict, with costs.